# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JESSICA GUERRIERO**, on behalf of herself and all others similarly situated, | CASE NO. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| **PENN NATIONAL GAMING, INC.**, | **JURY DEMAND ENDORSED HEREON** |
| – and – | |
| **CENTRAL OHIO GAMING VENTURES, LLC, d/b/a HOLLYWOOD CASINO COLUMBUS**, | |
| – and – | |
| **DAYTON REAL ESTATE VENTURES, LLC, d/b/a HOLLYWOOD GAMING AT DAYTON RACEWAY**, | |
| – and – | |
| **TOLEDO GAMING VENTURES, LLC d/b/a HOLLYWOOD CASINO TOLEDO**, | |
| – and – | |
| **YOUNGSTOWN REAL ESTATE VENTURES, LLC d/b/a HOLLYWOOD CASINO AT MAHONING VALLEY RACE COURSE**, | |
| Defendants. | |

1

Plaintiff Jessica Guerrriero ("Plaintiff"), by and through counsel, for her Complaint against Defendant Penn National Gaming, Inc. ("Defendant PNG"), Defendant Central Ohio Gaming Ventures, LLC ("Defendant COGV"), Defendant Dayton Real Estate Ventures, LLC ("Defendant DREV"), Defendant Toledo Gaming Ventures, LLC ("Defendant TGV"), and Youngstown Real Estate Ventures, LLC ("Defendant YREV") (collectively referred to as "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq*. ("OMFWSA"), the Ohio Constitution, Oh. Const. Art. II, § 34a (OMFWSA and the Ohio Constitution are referenced as "Ohio MW Laws"), and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (the OMFWSA, Oh. Const. Art. II, § 34a, and OPPA are collectively referenced as the "Ohio Wage Laws"). The following allegations are based on personal knowledge of Plaintiff's own conduct and upon information and belief as to the conduct and acts of others, state and allege as follows:

## INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the FLSA and the Ohio Wage Laws, and concerns the underpayment of minimum wages to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" on behalf of herself and other "similarly situated" employees who may join this case pursuant to pursuant to 29 U.S.C. §216(b).

3) Plaintiff also brings this case as a collective action pursuant to O.R.C. §41114.14(K) to remedy violations of the Ohio MW Laws for the non-payment of minimum wages

2

on behalf of all similarly situated employees currently or previously employed by Defendants in Ohio within the three (3) years preceding the filing of this Action.

4) Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of OPPA on behalf of all similarly situated employees currently or previously employed by Defendants in Ohio within the three (3) years preceding the filing of this Action.

5) Defendants deducted from the wages of Plaintiff and others similarly situated the costs to obtain, maintain, and renew Ohio gaming licenses. This practice violated the FLSA and the Ohio Wage Laws. Multiple federal district courts have held that these gaming licenses are primarily for the benefit and convenience of employers, such as Defendants. Gaming license costs may not be deducted from an employee's wages to the extent the deductions bring the employee's wages below the federal minimum wage ($7.25) and the Ohio minimum wage ($8.30 in 2018, $8.55 in 2019, $8.70 in 2020, and $8.80 in 2021).

## JURISDICTION AND VENUE

6) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

8) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

9) Plaintiff is an adult individual residing in Ohio. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K), which is attached as **Exhibit A**.

10) Within the last three (3) years, Plaintiff and those similarly situated were jointly employed by Defendants within the meaning of the FLSA and the Ohio Wage Laws.

11) Defendant PNG is a Pennsylvania for-profit corporation conducting substantial business in Ohio, and which can be served at CT Corporation System, 4400 Easton Commons WAY, Suite 125, Columbus, OH 43219.

12) Defendant COGV is a subsidiary of Defendant PNG with its principal place of business in Ohio, and which can be served at CT Corporation System, 4400 Easton Commons WAY, Suite 125, Columbus, OH 43219.

13) Defendant DREV is a subsidiary of Defendant PNG with its principal place of business in Ohio, and which can be served at CT Corporation System, 4400 Easton Commons WAY, Suite 125, Columbus, OH 43219.

14) Defendant TGV is a subsidiary of Defendant PNG with its principal place of business in Ohio, and which can be served at CT Corporation System, 4400 Easton Commons WAY, Suite 125, Columbus, OH 43219.

15) Defendant YREV is a subsidiary of Defendant PNG with its principal place of business in Ohio, and which can be served at CT Corporation System, 4400 Easton Commons WAY, Suite 125, Columbus, OH 43219.

## **FACTUAL ALLEGATIONS**

16) At all relevant times, Defendants were, individually and jointly, employers within the meaning of 29 U.S.C. § 203(d) and Ohio Wage Laws.

17) Defendant PNG is and has been, jointly and individually, an "employer," as that term is defined by the FLSA and Ohio law, for the employees at Defendant COGV, Defendant

TGV, Defendant DREV, and Defendant YREV (collectively referred to herein as the "Ohio Subsidiary Casinos") named as Defendants in this action.

18) During relevant times, the Ohio Subsidiary Casinos and Defendant PNG have mutually benefitted from the work performed by Plaintiffs and those similarly situated at the Ohio Subsidiary Casinos.

19) During relevant times, the Ohio Subsidiary Casinos and Defendant PNG have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and those similarly situated at the Ohio Subsidiary Casinos.

20) During relevant times, the Ohio Subsidiary Casinos and Defendant PNG shared the services of Plaintiffs and those similarly situated at the Ohio Subsidiary Casinos.

21) During relevant times, the Ohio Subsidiary Casinos and Defendant PNG acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated at the Ohio Subsidiary Casinos.

22) At all relevant times, Defendants were, individually and jointly, enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

23) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

24) Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

**Minimum Wage Violations**

25) Plaintiff and others similarly situated were required to maintain gaming licenses pursuant to Ohio law and for the benefit of Defendants.

26) Defendants have a uniform gaming license deduction policy that is applied against Plaintiff and other similarly situated Ohio employees.

27) Defendants deducted from the wages of Plaintiff and others similarly situated the costs of the license, in the amount of approximately $15.00.

28) Obtaining and maintaining the Ohio gaming licenses primarily benefits Defendants, as they could not operate their casinos in Ohio without the gaming licenses. The gaming licenses are required for Plaintiff and others similarly situated to perform the jobs for which they were employed by Defendants. Defendants could not operate in compliance with Ohio law without Plaintiff and others similarly situated obtaining and maintaining the required gaming licenses.

29) Additionally, pursuant to 29 C.F.R. § 531.35, ("Free and clear" payment; "kickbacks") and court rulings interpreting the same, the gaming licenses arise out of employment rather than through the ordinary course of life. Plaintiff and others similarly situated have no use for the gaming licenses in the ordinary course of life outside the workplace. Therefore, Defendants' employees' state-issued gaming licenses primarily benefit the employers, not the employees.

30) Multiple courts have considered this practice that is common to the casino industry. *See e.g.*, *Lockett v. Pinnacle Entertainment, Inc.*, 408 F. Supp. 3d 1043 (W.D. Mo. 2019); *Lilley v. IOC-Kansas City*, No. 4:19-cv-00553-SRB, 2019 U.S. Dist. LEXIS 193699 (W.D. Mo. Nov. 7, 2019)

31) Plaintiff and others similarly situated were paid at or just above the Ohio minimum wage.

32) Because the gaming licenses primarily benefit Defendants, deducting the costs of the gaming licenses from wages violated the FLSA and the Ohio MW Laws to the extent they result in effective wages falling below the federal and Ohio minimum wage requirements.

33) During the weeks in which Defendants made such deductions, the wages of Plaintiff and others similarly situated fell below the lawful minimum wage under the FLSA and the Ohio MW Laws as a result of the deductions.

34) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

35) Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and the Ohio Wage Laws.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37) Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on her own behalf and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

38) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All hourly employees employed by Defendants in Ohio, and for whom a deduction was taken from their wages for any amount associated with initially obtaining or thereafter renewing a gaming license, at any time from three (3) years preceding the filing of this Class and Collective Action Complaint to the present (the "FLSA Collective").**

39) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

40) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims under the FLSA.

## OHIO COLLECTIVE ACTION ALLEGATIONS

41) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42) Plaintiff brings this action on her own behalf and on behalf of other similarly situated employees pursuant to O.R.C. § 4111.14(K) who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

43) The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the Ohio collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All hourly employees employed by Defendants in Ohio, and for whom a deduction was taken from their wages for any amount associated with initially obtaining or thereafter renewing a gaming license, at any time from three (3) years preceding the filing of this Class and Collective Action Complaint to the present (the "Ohio 4111.14(K) Collective").**

44) This action is maintainable as an "opt-in" collective action pursuant to O.R.C. §4111.14(K) as to claims for unpaid minimum wages, treble damages, and attorneys' fees and costs under the Ohio MW Laws. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

45) The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to O.R.C. § 41114.14(K), for the purpose of collectively adjudicating their claims under the Ohio Wage Laws.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

46) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendants in Ohio, and of which she too is a member, defined as:

> **All hourly employees employed by Defendants in Ohio, and for whom a deduction was taken from their wages for any amount associated with initially obtaining or thereafter renewing a gaming license, at any time from three (3) years preceding the filing of this Class and Collective Action Complaint to the present (the "Ohio OPPA Class").**

47) The Ohio OPPA Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio OPPA Class; but, upon information and belief avers that the class consists of at least 40 or more employees (the exact number will be in Defendants' records, if kept).

48) There are questions of law or fact common to the Ohio OPPA Class including: whether Defendants' practices in Ohio resulted in its employees not being paid minimum wages and whether such wages remain unpaid.

49) Plaintiff will adequately protect the interests of the Ohio OPPA Class members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio OPPA Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio OPPA Class in this case.

50) The questions of law or fact that are common to the Ohio OPPA Class predominate over any questions affecting only individual members include whether the Ohio OPPA Class members were paid all minimum wages earned. The primary questions that will determine Defendants' liability to the class are common to class as a whole and predominate over any questions affecting only individual class members.

51) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio OPPA Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio OPPA Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(Minimum Violations – FLSA Collective)**

52) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53) Defendants are individually and jointly an "employers" covered by the minimum wage requirements of the FLSA.

54) Defendants have a company-wide policy of deducting the costs of gaming licenses resulting in minimum wage violations.

55) As employees of Defendant, the FLSA Collective members work or worked hours in a workweek in which they were not paid a minimum wage.

56) Defendants violated the FLSA by failing to pay FLSA Collective members at a least a minimum wage for all hours worked in a workweek.

57) The FLSA Collective were not exempt under the FLSA.

58) Defendants' practices and policies described herein violated the FLSA.

59) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

60) As a result of Defendants' practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

61) Pursuant to the FLSA, Plaintiff and the FLSA Collective are entitled to unpaid wages, liquidated damages, and attorneys' fees and costs incurred.

## COUNT TWO
### (Ohio Minimum Wage Violations – Ohio 4111.14(K) Collective)

62) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63) Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

64) Defendants violated the Ohio Wage Laws by having a company-wide policy of deducting the costs of gaming licenses and by not paying them at least the Ohio minimum wage for each hour worked in a workweek in the last three (3) years.

65) The Ohio 4111.14(K) Collective members were not exempt under the Ohio Wage Laws.

66) By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

67) As a result of Defendants' practices, Plaintiff and the Ohio 4111.14(K) Collective members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws, and because wages remain unpaid, damages continue.

68) Pursuant to the Ohio Revised Code, Plaintiff and the Ohio 4111.14(K) Collective are entitled to wages dating back three (3) years, treble damages, and attorneys' fees and costs incurred.

## COUNT THREE
### (OPPA Violations – Ohio OPPA Class)

69) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70) During all times material to this Complaint, Defendants have been employers required to comply with the mandates of the OPPA, O.R.C. § 4113.15.

71) Plaintiffs and the Ohio Rule 23 Class members were employed by Defendants within the meaning of the OPPA, and were not otherwise exempt.

72) The OPPA requires that Defendants pay Plaintiffs and the Ohio Rule 23 Class members all wages owed, on or before the first (1st) day of each month for wages earned by them during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by them during the preceding calendar month. *See* O.R.C. § 4113.15(A).

73) During all times material to this Complaint, because of Defendants' failure to compensate Plaintiffs and the Ohio Rule 23 Class members fully and properly for all work performed, Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages earned within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74) The Plaintiffs' and the Ohio OPPA Class Members' earned minimum wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75) In violating the OPPA, Defendants have acted willfully and with reckless disregard.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and all similarly situated employees collectively pray that this Honorable Court issue an order:

A. Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b) and O.R.C. § 4111.14(K); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Designating this action as a class action on behalf of the Ohio OPPA Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the individuals who join this case pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.14(K), and the Ohio Overtime Class members;

D. Award Plaintiff, and the collectives and class she represents, actual damages for unpaid wages;

E. Award Plaintiff, and the collectives and class she represents, statutory damages, including liquidated and/or treble damages for unpaid minimum wages found due and as well as damages under OPPA;

F. Award Plaintiff, and the collectives and class she represents, pre-judgment and/or post-judgment interest at the statutory rate;

G. Award Plaintiff, and the collectives and class she represents, attorneys' fees and costs;

H. Award Plaintiff an additional Service Award; and,

I. Award Plaintiff, and the collectives and classes she represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com
rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Hans A. Nilges*
Hans A. Nilges